Samuels, J.
The appellants filed a bill in the Circuit court of Mason county, at July rules 1852, against Abraham Williams and William J. Stephens, wherein it was in substance alleged, that Abraham Williams of Mason county, and William J. Stephens, *611 of the city of Cincinnati, were bound to complainants in a forfeited forthcoming bond, on which was due the sum of five hundred and twelve dollars and thirty-two cents, with legal interest thereon from April 6th, 1852, until paid. That it was difficult to notify Stephens on the bond; and that it was useless to notify Williams. The bill further alleged that Stephens had valuable real and personal estate in Mason county; and prayed that Stephens’ personal property might be sold to satisfy complainants’ demand; and if that should not be sufficient for the purpose, that then the real estate might be sold for the deficiency; and for general relief. To this bill the defendants demurred; and upon the hearing, the court below sustained the demurrer, and dismissed the bill. From this decree the appeal before us was taken.
Immediately after July 1st, 1850, when the Code of 1849 went into operation, a bill such as this could not have been entertained; the statute giving the remedy by foreign attachment in chancery, existing prior to July 1st, 1850, having been repealed by the Code of 1849. A new remedy, however, is given by the statute passed April 3rd, 1852, which was in force from its passage. Sess. Acts 1852, ch. 95, § 1, p. 78.
By the statute last named, a right is given to a creditor to sue his debtor in a court of equity, if his debt, exclusive of interest, exceed twenty dollars, if the debtor be not a resident of the state, and if he have estate, or debts due to him within the county or corporation in which the suit is brought. The statute of 1852, above mentioned, taken in connection with the statute, Code 1849, ch. 151, § 1, gives a creditor the right, upon making an affidavit stating the amount and justice of the claim, that there is present cause of action therefor, that the defendant or one of the defendants, is not a resident of this state, and that the affiant believes he has estate or debts due him within *612 the county or corporation in which the suit is, or that is sued with a defendant residing therein, to sue out of the clerk’s office an attachment against the estate of the nonresident for the amount so stated. Section 2 of ch. 151, Code 1849; and section 1 of the . act of 1852, give the creditor the right to sue out the attachment after bringing his suit.
In the case before us, the complainants made no affidavit; nor had they sued out any attachment up to the hearing of the cause; the case stated in the bill, however, was such that the affidavit might be made, and the attachment sued out, after the bill was filed. See act April 3d, 1852, § 1.
The question is thus presented, whether the affidavit and attachment were essential to the jurisdiction of the court at the time the cause was heard on the demurrer ?
The statute last above cited, § 2, directs that in suits of this nature the proceedings shall be the same as in other suits in chancery. Applying then the general principles of chancery practice, as modified by the statute of April 3rd, 1852, we must hold that if the court once had jurisdiction, it might rightfully proceed to do full justice between the parties before it, although the claim of the complainant be purely legal; as in case of a bill for discovery and relief in the matter of a legal demand: The right to a discovery gives the court jurisdiction; but having the ease before it on this ground, the court should proceed to give a decree for the debt, although it be merely legal in its nature. In this case, the nature of the claim asserted, the residence of the defendant Stephens, and the location of his property, give to the "Circuit court jurisdiction of the subject: the mode and measure of relief must be governed by the general rules of chancery practice, as modified by the statute of 1852.
*613 It would be unreasonable to suppose that the mere existence of Stephens’ property within the county of Mason was intended to give complainants the right to a general and personal decree in nowise affecting the specific property. The suit must be brought in the county in which the property is placed. There must be some reason for this requisition; and no other than this can be suggested, that the property may be subjected to the payment of complainants’ demand. A mere personal deeree might be rendered in the eourts of any county; a decree subjecting the property would be more conveniently and effectively rendered in the courts of the county in which that property is placed. I am, therefore, clearly of opinion, that the only decree complainants could have had against Stephens, if he had not appeared and made defence, would have been for satisfaction out of his property attached under the process provided by the statute of 1852.
The defendants, however, appeared and made defence, thereby putting themselves fully under the control of the court, for every legitimate purpose in the eause. The attachment was intended to perform two several and distinct functions; one to give the absent defendant notiee of the suit brought against him. This mode of giving notice by levying on property, was formerly in familiar use. In the case before us it became unnecessary to resort to this mode of notice, in as much as the absent defendant appeared and defended himself. The other function of the attachment is to give complainants security for the payment of their demand. This operation of the attachment is wholly for the benefit of complainants; if waived or omitted, it can in nowise injure the defendant, seeing that he has already had notice to defend himself, and has acted accordingly. The complainants, if they elect to do so, may waive a part of their remedy, and *614 rely upon another part. They may, therefore, take a mere personal decree against the defendants before the court, which decree the court in virtue of its jurisdiction over the parties now before it, may lawfully render. Or they may hereafter resort to the remedy by attachment, seeing that the statute authorizes such resort after the suit is brought.
If, however, the law were otherwise, and relief could be had under any circumstances, only by attachment, still the objection was not properly taken in this case. A demurrer reaches only such defects as appear on the face of the pleading demurred to; it will not lie for defect or omission of process; or for omission to aver facts not essential to the jurisdiction, but collateral to the pleading demurred to, although they are necessary to justify the relief prayed for. It is the office of a plea or of an answer to bring before the court reasons for refusing relief not appearing on the face of the bill. In our case it was not necessary to aver in the bill that an attachment had issued, because the statute, in terms, provides that this process may issue after the institution of the suit.
I am, therefore, of opinion to reverse the decree dismissing the bill; to overrule the demurrer; and remand the cause to the Circuit court, with directions to require the defendants to answer; and that the complainants, on proving their case as alleged, may have a personal decree against the defendants; or that they may at their election, sue out an attachment in the mode prescribed by law, and subject the property attached to the satisfaction of their demand.
The other judges concurred in the opinion of Samuels, J.
Decree reversed.